**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1801-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GREGORY KING, a/k/a
GREGG GREGORY,

    Defendant-Appellant.

_____

Submitted September 19, 2022 – Decided October 3, 2022

Before Judges Currier and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 14-02-0074.

Joseph E. Krakora, Public Defender, attorney for appellant (Craig S. Leeds, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the November 18, 2020 order denying his petition for post-conviction relief (PCR). We affirm.

After a jury trial, defendant was convicted of third-degree possession of a controlled dangerous substance (CDS), heroin, N.J.S.A. 2C:35-10(a)(1); third-degree distribution of a CDS, N.J.S.A. 2C:35-5(a)(1) and 5(b)(3); third-degree distribution of a CDS within 1,000 feet of school property, N.J.S.A. 2C:35-7; fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2); and a lesser-included offense of disorderly persons wandering with intent to obtain or distribute CDS, N.J.S.A. 2C:33-2.1(b). Defendant's motion for acquittal was denied.

Before sentencing, defendant pleaded guilty to one count each in two additional indictments. The State agreed to recommend the sentences on those indictments run concurrent to each other as well as the sentence imposed on the earlier convictions.

The court granted the motion for a mandatory extended term and imposed an aggregate eight-year prison term with a three-year and four-month parole ineligibility period. We affirmed the convictions and sentence. State v. King, No. A-4489-16 (App. Div. July 8, 2019) (slip op. at 14).

Thereafter, defendant filed a PCR petition. He asserted several deficiencies in trial counsel's representation of him in pretrial proceedings,

during the trial, and at sentencing. He contended he was entitled to an evidentiary hearing. The PCR judge denied the petition, addressing each assertion in a written decision.

Defendant presents the following issues on appeal:

POINT I
MR. KING WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS AND THE LOWER COURT ERRED IN CONCLUDING OTHERWISE

A. TRIAL COUNSEL FAILED TO PROPERLY HANDLE MR. KING'S COLORABLE CLAIM OF INNOCENCE AND CONDUCT ADEQUATE PRETRIAL INVESTIGATION

B. TRIAL COUNSEL FAILED TO EFFECTIVELY COMMUNICATE WITH MR. KING

C. TRIAL COUNSEL FAILED TO FILE A MOTION TO SUPPRESS THE PHYSICAL EVIDENCE

D. TRIAL COUNSEL FAILED TO ADEQUATELY ADDRESS JUROR IMPROPRIETY AND REQUEST A MISTRIAL

E. TRIAL COUNSEL FAILED TO PRESENT MITIGATING FACTORS AT SENTENCING

F. THE CUMULATIVE EFFECT OF THE ERRORS COMPLAINED OF RENDERED THE PROCEEDINGS UNFAIR

3

POINT II
MR. KING WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

POINT III
THE LOWER COURT ERRED IN DENYING MR. KING'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING.

POINT IV
THIS MATTER SHOULD BE REMANDED FOR CONSIDERATION OF THE ARGUMENTS NOT ADDRESSED BY THE LOWER COURT

We review de novo a PCR court's legal conclusions. State v. Harris, 181 N.J. 391, 416 (2004).

The standard for determining whether counsel's performance was ineffective under the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). To prevail on an ineffective assistance of counsel claim, defendant must meet the two-prong test establishing: (1) counsel's performance was deficient and they made errors so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the

4

result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 687, 694.

We affirm substantially for the reasons given in the PCR court's cogent decision. We add only the following comments.

The PCR judge properly rejected defendant's argument that trial counsel did not adequately handle his colorable innocence claim; specifically, counsel did not retrieve additional surveillance camera footage. However, counsel did elicit during cross-examination that police did not obtain additional surveillance footage. And counsel called three witnesses who supported the defense theory through their testimony. Therefore, defendant cannot show deficient performance by counsel. In addition, ample evidence was presented to the jury to support a finding of guilt: defendant ran from the police after they attempted to arrest him and heroin was found on his person. Defendant cannot meet the <u>Strickland</u>-<u>Fritz</u> prongs.

Defendant also raises a generalized assertion that trial counsel did not adequately communicate with him. He specifically refers to an incident regarding a specific juror's alleged misconduct and the circumstances surrounding it.

A-1801-20

During the trial, the court learned that a particular juror had become upset in front of other jurors and expressed her frustration that she could not tell who was telling the truth. The judge questioned the juror in the presence of counsel and then spoke with other members of the jury. The juror was ultimately excused. Defense counsel did not object to the procedure and did not request a mistrial. Defendant stated in his PCR petition that counsel did not confer with him about the juror's misconduct or about requesting a mistrial.

The record belies defendant's assertion. Prior to the voir dire of the remaining jurors, defense counsel asked for a break so he could "tell [his] client what [they were] doing." Therefore, there is no support for defendant's argument that counsel did not communicate with him.

In handling the jury issue, the trial court properly followed the procedure outlined in State v. R.D., 169 N.J. 551, 558 (2001). Defendant cannot show trial counsel was ineffective in not requesting a mistrial. And it cannot be demonstrated that any request would have been granted.

In considering defendant's argument that trial counsel should have moved to suppress the CDS evidence found on his person, the PCR court found the CDS was recovered during a lawful arrest. Therefore, any suppression motion would have been fruitless. We agree.

6

Defendant also contends trial counsel was ineffective in not requesting additional mitigating factors during the sentencing hearing. The PCR court found this to be a "vague and bald allegation[]." Before this court, defendant asserts there was a basis to request mitigating factor eight, defendant's conduct was the result of circumstances unlikely to recur, N.J.S.A. 2C:44-1(b)(8); and factor nine, the character and attitude of the defendant indicates that he is unlikely to commit another offense, N.J.S.A. 2C:44-1(b)(9).

Defendant had a lengthy criminal history, including thirty-one arrests, fourteen indictable convictions, and seven prior probationary terms. He also admitted to a substance abuse problem. Neither of these mitigating factors was applicable under the circumstances. Therefore, defense counsel's failure to request them was not deficient and would not have changed the outcome of the sentence.

Defendant alleges his appellate counsel was ineffective for not raising the video footage issue. For reasons previously stated, we find no merit to this contention.

We are satisfied the PCR court's denial of the petition was supported by the credible evidence in the record. Defendant did not demonstrate trial counsel was ineffective under the Strickland-Fritz test. Any remaining arguments not

7

addressed lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1801-20